UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIRIAM FLORES,

          Plaintiff,

    v.

DAVITA, INC.,

          Defendant.

No.  2:25-cv-2684 AC

ORDER

This case was removed from the San Joaquin County Superior Court on grounds of federal diversity jurisdiction, which is undisputed, and the parties have consented to the jurisdiction of the magistrate judge.  ECF Nos. 1, 10.  Defendant's motion to dismiss, ECF No. 11, is before the court.  Plaintiff has opposed the motion (ECF No. 13), and defendant has replied (ECF No. 14).  For the reasons set forth below, defendant's motion to dismiss is granted without leave to amend as to all claims brought under California's Fair and Equal Housing Act (FEHA), but denied as to the remaining claims.

**I. Background**

A.    The First Amended Complaint

The First Amended Complaint ("FAC") alleges as follows.  Plaintiff Miriam Flores started working for defendant Davita, Inc. ("Davita") as a Medical Social Worker in May 2024.  ECF No. 7 at 4.  Following a miscarriage in October 2024, plaintiff took only one day off because of

1

her supervisor's inflexibility. Id. at 5. The supervisor's attitude also disincentivized plaintiff from taking any more leave until March 10, 2025, when she woke up with a severe sharp pain in her abdomen and lower back. Id. at 5. Plaintiff tried to go to work because she feared losing her job if she did not, and she texted supervisor Melanie Toupi at 7:57 a.m. to say that she was in pain but would still report to work at 9:00 a.m. Id. at 5-6. By 9:19 a.m., however, she had decided the pain was unbearable, stopped at Kaiser Permanente's Tracy Medical Offices for emergency treatment, and informed Toupi of this via text. Id. at 6.

During her visit at Kaiser, plaintiff found out she was pregnant once more. Id. The doctor gave plaintiff pain medication, told her to take the day off, and warned her to visit the emergency room if her bleeding and yellow vaginal discharge continued. Id. Plaintiff called Toupi to explain that she had back problems and sent her a screenshot of the doctor's note, confirming that she needed to take that day off. Id. She then worked through her pain from March 11 through 13. Id.

On March 13, however, Toupi and another supervisor named Mark called plaintiff into Mark's office and terminated her for failing to call off work at least two hours before her start time on March 10. Id. Plaintiff responded that in addition to the reason being an unexpected medical emergency, she technically had no set start time because she was a salaried employee whose hours depended on the needs of the job on a given day. Id. at 6-7. Mark and Toupi proceeded to fire plaintiff, though Mark did say "I'm so sorry" and "I don't agree with this" once plaintiff told him about the pregnancy as she left the office. Id. at 7. On March 25 doctors discovered a polyp on plaintiff's cervix which was identified as the source of her pain and bleeding, and she miscarried four days later. Id.

Plaintiff asserts five claims under FEHA: discrimination, retaliation, failure to provide reasonable accommodation, failure to engage in the interactive process, and failure to prevent discrimination, retaliation, or harassment. Id. at 8-14. She also alleges a violation of California Labor Code §§ 233-34, based on defendant penalizing her for using sick days she had earned as a matter of law. Id. at 14-15. She contends that when the need to use sick leave is unforeseeable, as here, an employer cannot require that a plaintiff provide more notice than is practicable. Id. at

2

16. Finally, plaintiff alleges that her wrongful termination was in violation of the public policies underlying state and federal sick leave policies. Id. at 17-18.

### B. Motion to Dismiss

Defendant moves to dismiss on several grounds: (1) plaintiff does not allege a disability that is protected under FEHA or that entitles her to reasonable accommodations; (2) to the extent that plaintiff's pregnancy constituted a disability, she did not inform defendant until after her termination; (3) she does not allege the requisite protected activity to support a retaliation claim; (4) the cited sections of the California Labor Code do not create a private cause of action; and (5) the fifth and seventh causes of action are derivative and fail along with plaintiff's other claims. ECF No. 11 at 9-15.

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.  See Fed. R. Civ. P. 15(a); Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied ... if amendment would be futile."  Carrico v. City & County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

B.  Claim One: Disability Discrimination

To establish a prima facie case of disability discrimination under FEHA, plaintiff must plausibly demonstrate that she "(1) suffered from a disability, (2) was otherwise qualified to do… her job, and (3) was subjected to adverse employment action because of the disability." Choochagi v. Barracuda Networks, Inc., 60 Cal. App. 5th 444, 458 (2020) (citing Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 886 (2007)).  Defendant argues that plaintiff has not pled a prima facie case because the back pain she experienced on March 10, 2025 – the only condition she had reported to defendant prior to her termination – does not qualify as a disability under FEHA.  ECF No. 11-1 at 10 & n. 1.

California Government Code § 12926(m) includes a nonexclusive list of circumstances under which a condition qualifies as a physical disability.  Chief among them are "physiological

4

disease[s], disorder[s], [or] condition[s]" that both affect one of various body systems and limit a major life activity.  Cal. Govt. Code § 12926(m)(1)(A)-(B).  Consequently, conditions do not qualify if they are mild and:

> do not limit a major life activity, as determined on a case-by-case basis. These excluded conditions have little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, sprains, muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-chronic gastrointestinal disorders.

Cal. Code Regs. tit. 2, § 11065(d)(9)(B).

Plaintiff has not alleged facts demonstrating that the back pain she experienced prior to termination limited any major life activity.  It is quite clear from the complaint that this pain prevented plaintiff from working on a single day.  This does not rise to the level of disability.  While under some circumstances FEHA may cover conditions that are temporary, see Diaz v. Fed. Express Corp., 373 F. Supp. 2d 1034, 1048 (C.D. Cal. 2005), this is so only where the condition "impacts a person so as to make a major life activity difficult."  Id. at 1049.  The facts of this case are to the contrary: plaintiff's doctor advised that she take a single day off work, and she worked for two days immediately thereafter before being terminated.  Prior to her termination plaintiff did not experience pain or medical complications that made any major life activity difficult.

The other temporary disability cases on which plaintiff relies are equally unavailing.  While it is true that the employee in Gomez v. Magco Drilling, Inc., 2015 WL 6523737, at *1 (Cal. L.A. Sup. Ct. Sep. 24, 2015), missed a single day of work due to wrist tendonitis, the tendonitis was a longstanding condition for which she had been denied accommodations over a two-year period prior to the one-day absence which precipitated her termination.  In Marino v. Advanced Critical Care Emergency, 2021 WL 5044207, at *4, 2021 Cal. Super. LEXIS 132041, at *9-10 (Cal. L.A. Sup. Ct. Mar. 1, 2021), the plaintiff's back pain required multiple restrictions on walking, standing, bending, and twisting for a week, plus more frequent breaks and time off work for medical appointments.  In Thuhong Do v. Saudi Arabian Airlines Corp., 2024 WL 5472413, at *8, 2024 U.S. Dist. LEXIS 243394, at *19 (C.D. Cal. Dec. 3, 2024), the plaintiff had

initially requested two weeks off work due to back pain.  The FEHA claims, however, focused on the "successive extensions of [plaintiuff's] medical clearance to return to work," and defendant's failure to leave her position open for several months thereafter.  Id., 2024 WL 5472413, at *10-12, 2024 U.S. Dist. LEXIS 243394, at *27, *29-31.  None of these cases support a conclusion that pain causing only one day of missed work constitutes a disability within the meaning of FEHA.

Plaintiff argues further that her condition cannot be considered one with "little or no residual effects" given that the polyp causing the back pain would also cause her to miscarry soon after she lost her job.  ECF No. 13 at 14-16.  That her back pain turned out to be related to an underlying condition with serious consequences does not, however, support a prima facie case that the adverse employment decision was based on disability.  It is perfectly clear from the FAC that defendant did not know about either the pregnancy or the polyp until after plaintiff's termination.  ECF No. 7 at 7; ECF No. 14 at 9, n.3.  Without employer knowledge of an employee's disability, the requisite causal link between the disability and a purportedly discriminatory act is absent.  See Scotch v. Art Institute of California, 173 Cal. App. 4th 986, 1008 (2009) (upholding summary judgment on a FEHA discrimination claim because those responsible for the disputed policy did not even know about the asserted disability, plaintiff's HIV-positive status).

As of the date of her termination, plaintiff had suffered from a single day of back pain with an unknown underlying cause and no expectation that such pain would return or require further limitations.  The back pain accordingly did not qualify as a disability at the relevant time, and neither party knew that it was related to an (arguable) underlying disability until after the adverse employment actions alleged in the FAC.  For these reasons, plaintiff's factual allegations do not support a claim for discrimination under FEHA.

C.  Claims Three and Four: Reasonable Accommodations and Interactive Process

The FAC's third claim invokes defendant's duty under California Government Code § 12940(m) to make "reasonable accommodation[s] for the known physical or mental disability of an…employee."  ECF No. 7 at 11.  The fourth claim invokes the duty under California Government Code § 12940(n) to "engage in a timely, good faith, interactive process with the

6

employee… "with a known physical or mental disability or known medical condition." ECF No. 7 at 11-12. The plain language of California Government Code § 12940(m) "only imposes an obligation of accommodation where the employee has a *known mental or physical disability.*" Jackson v. Kaplan Higher Educ., LLC, 106 F. Supp. 3d 1118, 1128 (E.D. Cal. 2015) (emphasis original); see also Yphantides v. County of San Diego, 660 F. Supp. 3d 935, 953 (S.D. Cal. 2023) ("To face liability under section 12940(m), an employer must have been aware of the employee's disability."). Similarly, the duty to engage in the interactive process under California Government Code § 12940(n) "is generally 'triggered upon notification of the disability and the desire for accommodation.'" Martinez v. Costco Wholesale Corporation, 481 F. Supp. 3d 1076, 1098 (S.D. Cal. 2020) (quoting Vinson v. Thomas, 288 F.3d 1145, 1154 (9th Cir. 2002)).

Defendant asserts that in the absence of a disability or suspected disability, there was no duty to grant a reasonable accommodation or to engage in an interactive process. ECF No. 11-1 at 14; ECF No. 14 at 10-11. Plaintiff appears to agree that the viability of these claims, like that of her discrimination claim, depends on whether she had a disability cognizable under FEHA at the time of her termination. See ECF No. 13 at 12. For the reasons outlined above, she did not. These claims must therefore be dismissed for the same reason as the first claim.

D. Claim Two: Retaliation

FEHA provides that an employer may not "discharge, expel, or otherwise discriminate against" employees for opposing practices forbidden under another part of the statute. Cal. Govt. Code § 12940(h). In 2015, a separate provision was added to prohibit retaliation or discrimination "against a person for requesting accommodation" of a disability under Cal. Govt. Code § 12940(m). Cal. Govt. Code § 12940(m)(2). Establishing a claim for retaliation under either provision requires pleading a "protected activity" under FEHA by the employee, an adverse employment action by the employer, and a causal link between the two. Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005) (internal quotations and citations omitted). Defendant argues that plaintiff fails to state a claim because her request for a sick day due to back pain does not constitute a protected activity under FEHA. ECF No. 11-1 at 13.

Plaintiff's allegations do not give rise to a claim under California Government Code

7

section 12940(h).  Under the plain language of the statute, protected activity means activity opposing practices forbidden by the statute.  See Kelley v. Corrections Corps. of America, 750 F. Supp. 2d 1132, 1143-44 (E.D. Cal. 2010).  Protected activity must therefore include "some level of opposition to the employer's actions based on the employee's reasonable belief that some act or practice of the employer is unlawful."  Kelley, 750 F. Supp. 2d at 1144.  A request for accommodation does not itself constitute a protected activity under this section.  Id.; see also Moore v. Regents of Univ. of Cal., 248 Cal. App. 4th 216, 247 (2016).  As the court noted in Kelley, holding otherwise "would significantly blur and perhaps obliterate the distinction between an action for failure to accommodate or engage in the interactive process and retaliation."  750 F. Supp. 2d at 1144.

Plaintiff also fails to state a claim under § 12940(m)(2), because a single request to take a sick day does not constitute a protected request for accommodation.  See Foshee v. MasTec Network Solutions, Inc., 2022 WL 446675, at *8, 2022 U.S. Dist. LEXIS 26539, at *22-23 (E.D. Cal. Feb. 14, 2022).  The plaintiff in Foshee had missed a day of work without requesting permission, and appeared the next day with a doctor's note.  The court explained that even though plaintiff told his employer he was absent for reasons related to his health, "'simply notifying' an employer of a medical condition does not constitute a request for accommodation… at least where, as here, the notice furnished provides the employer with no basis to conclude (or even suspect) that leave is desired or warranted."  Id., 2022 WL 446675, at *8, 2022 U.S. Dist. LEXIS 26539, at *22.  Similarly, in this case plaintiff did not report or even know about any condition more serious than a single day of back pain, which does not constitute a disability for the erasons already explained, when she was fired.  She gave no indication that she required accommodation related to her back pain in order to continue working.  She did not request formal leave.  Taking a single day off due to pain assumed at the time to be transient, and/or seeking permission to take the sick day without advance notice to the employer, does not constitute a request for disability accommodation under FEHA and was therefore not an activity protected from retaliation under

////

////

8

Cal. Govt. Code § 12940(m).[1]

For all these reasons, the facts do not support a FEHA retaliation claim.

E.   Claim Five: Failure to Prevent FEHA Violations

The parties agree that plaintiff's fifth cause of action, for a general failure to prevent discrimination, retaliation, and harassment under FEHA, is derivative of her other FEHA claims. ECF No 11-1 at 14; ECF No. 13 at 17; Dickson v. Burke Williams, Inc., 234 Cal. App. 4th 1307, 1317-18 (2015).  Because the first four claims are being dismissed, the fifth must be as well.

F.   Claim Six: California Labor Code Violation

Claim Six alleges that defendant violated section 233(c) the California Labor Code by firing plaintiff on March 13, 2025, for using sick leave on March 10.  ECF No. 7 at 15-16. Section 246.5(a)(1) requires that employers provide paid sick days for, *inter alia*, diagnosis, care, or treatment of an existing condition of employees or their family members.  Employers may not deny employees the right to use accrued sick days for the purposes outlined in section 246.5(a), or discharge them for doing so.  Cal. Labor Code § 246.5(c)(1).  Section 233(c) also prohibits employers from denying an employee the right to use sick leave or discriminating against an employee for doing so, including via termination.

The facts alleged are sufficient to state a claim.  Plaintiff was unable to work on March 10 due to the need for medical care, and was terminated on March 13.  Supervisors stated that the termination was due to plaintiff's failure to call off work at least two hours before her start time on March 10.  Id. at 6.  Defendant's advance notice policy allegedly violates Labor Code section 246.5(m), which requires only "reasonable advance notification" if the need to use leave was foreseeable and "notice of the need for the leave as soon as practicable" if not.  Id. at 16.  The

---

[1]  Here too, plaintiff cites cases that are readily distinguishable on the facts.  Torres v. Naslund, 2025 Cal. Super. LEXIS 21222, at *13-14 (Cal. L.A. Sup. Ct. May 28, 2025), involved a request for accommodation in the form of days off after treatments for aplastic anemia, a chronic condition treated with blood transfusions and chemotherapy.  The case on which Torres relies, Sanchez v. Swissport, Inc., 213 Cal. App. 4th 1331, 1341 (2013), concerned the denial of additional leave for plaintiff's pregnancy beyond that to which she was entitled under Pregnancy Disability Leave Law.  In both of these cases, the employee had formally sought accommodation for a well-established disability.  The facts here are not comparable.

9

FAC also cites section 234, which prohibits any employer absence control policy that treats use of sick leave as an absence for which plaintiff may be discharged or otherwise disciplined.  Id.

Defendant argues that this action should be dismissed because violations of California Labor Code sections 246.5 do not give rise to a private cause of action.  ECF No. 11-1 at 15. Aggrieved employees must instead report to the Labor Commissioner any violations of section 245 et seq., who may then investigate the report and decide whether to bring a civil action.  See Cal. Labor Code § 248.5.  Federal courts have therefore dismissed claims brought under California Labor Code section 246, for both failure to award sick leave and failure to give notice of accrued leave, as not providing a private right of action.  ECF No. 11-1 at 15 (citing Rudolph v. Herc Rentals, Inc., 2021 WL 5994514, at *3, 2021 U.S. Dist. LEXIS 244970, at *6-7 (C.D. Cal. Aug. 27, 2021); Titus v. McLane Foodservice, Inc., 2016 WL 4797497, at *4, 2016 U.S. Dist. LEXIS 125116, at *10-11 (E.D. Cal. Sept. 14, 2016)).

Here, plaintiff's cause of action is based on Labor Code section 233, not on section 246.5 or other sections added to the Labor Code by the Healthy Workplaces, Healthy Families Act of 2014 (HFHWA).  See White v. Capital One, N.A., 2024 WL 4555936, at *3, 2024 U.S. Dist. LEXIS 192761, at *7-8 (E.D. Cal. Oct. 23, 2024) (concluding that § 246.5 and other provisions of the HFHWA do not support a claim, but noting that other sections of the Labor Code may provide cause of action for alleged sick leave violation); Diaz v. Rescare, Inc., 2020 WL 6270934, 2020 U.S. Dist. LEXIS 199887, *8 (N.D. Cal. Oct. 26, 2020) (dismissing claim brought under § 246.5, because that section does not support a private cause of action, but permitting amendment to state a claim "under any other statute that could serve as a vehicle, including any other applicable provisions of the California Labor Code, including, but not limited to, California Labor Code section 233.").

The FAC cites Labor Code section 246.5 not as the basis for a cause of action but because it defines the rights owed under section 233, which can be enforced via civil action.  See Cal. Labor Code § 233(e); Diaz, supra.  The FAC's references to Labor Code section 246(m), which sections 233 and 234 do not reference, are incidental.  They appear to anticipate an argument that defendant fired plaintiff not for using sick leave, but for violating company policy by not giving

10

adequate notice first.  The core of the claim – that plaintiff used accrued leave, gave notice as soon as she could, and was fired in response – comes easily within the scope of section 233.

Accordingly, the motion to dismiss will be denied as to Claim Six.

G.  Claim Seven: Wrongful Termination in Violation of Public Policy

The seventh claim, for wrongful termination in violation of public policy, rests on the allegations that plaintiff's termination violated FEHA and the California Labor Code.  ECF No. 7 at 18.  The viability of this claim turns on the adequacy of the underlying substantive claims.  See TRW, Inc. v. Superior Court, 25 Cal. App. 4th 1834 (1994).  Based on the court's conclusions above, this claim may go forward on the grounds that plaintiff's termination was wrongful in that it violated the California Labor Code.  Because the FEHA claims are being dismissed, however, Claim Seven may not proceed on the bases alleged in those claims.

### III.    Leave to Amend Is Not Appropriate

Amendment could not cure plaintiff's FEHA claims.  The problem is not an absence of necessary factual allegations, but that the clearly alleged facts do not support liability under FEHA for the reasons explained above.  Leave to amend would be futile and is therefore denied. See Carrico, 656 F.3d at 1008.

### IV.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss (ECF No. 111) is GRANTED IN PART AND DENIED IN PART as follows:

1.  GRANTED as to Claims One through Five, which are DISMISSED without leave to amend;

2.  DENIED as to Claim Six; and

3.  DENIED as to Claim Seven to the extent, and only to the extent, that it is predicated on Claim Six.

DATED: April 24, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11